**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| vs. | § | 1:18-CR-340-RP |
| | § | |
| **JOEADRIAN ALVARADO** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is the Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing, filed January 12, 2024 ("Agreed Motion") (Dkt. 45). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.  Procedural Background

On July 30, 2019, Defendant Joeadrian Alvarado was sentenced to 47 months imprisonment, followed by a three-year term of supervised release, for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 34. His term of imprisonment ran concurrently with his sentence on a related state conviction for possession of heroin. *Id*.

Mr. Alvarado's supervision commenced January 10, 2023. He is now before the Court pursuant to a Petition for Warrant for Offender Under Supervision issued October 11, 2023 ("Petition"). Dkt. 36. The Petition alleges that Mr. Alvarado violated six of his conditions of release:

- **Special Condition No. 1:** "The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer may supervise the participation in the program. The defendant shall pay the costs of such treatment to the extent the defendant is financially able." Mr. Alvarado was referred to substance abuse treatment on July 17, 2023, but failed to attend his initial session scheduled for July 31, 2023, or to schedule any other sessions.

- **Special Conditions Nos. 2 and 3:** "The defendant shall not use or possess any controlled substance without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to a probation officer and follow the instructions on the prescription."; "The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay costs of testing to the extent the defendant is financially able." Mr. Alvarado submitted urine specimens positive for alcohol and marijuana on July 10, 2023 and cocaine and marijuana on July 17 and July 20, 2023, and failed to submit specimens on July 24, July 28, August 9, and August 15, 2023.

- **Special Condition No. 4 and Mandatory Condition No. 1:** "The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision."; "The defendant shall not commit another federal, state or local crime during the term of supervision." Mr. Alvarado was arrested and charged with Driving While Intoxicated after crashing his car on July 15, 2023.

- **Standard Condition No. 5:** "The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change." Mr. Alvarado has not lived with his grandmother since his arrest in July and did not contact the Probation Department to report a change of residence.

*Id.*

## II.  Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not

extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

The Agreed Motion states that Mr. Alvarado wishes to plead true to the violations as alleged in the petition: "Mr. Alvarado admits that he was convicted of the misdemeanor offense of DWI following an arrest on July 15, 2023, and he further admits that he used controlled substances and tested positive or failed to report for testing as alleged in the petition." Dkt. 45 at 1.

The filing also states that Mr. Alvarado's counsel has reviewed the Petition with Mr. Alvarado and advised him of his right to a preliminary and final revocation hearing, including his rights to be physically present, and his rights under Rule 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* at 1-2.

The Agreed Motion states that, after consulting with counsel, Mr. Alvarado wishes to waive his right to be present at his preliminary and final revocation hearings and wishes to waive the hearings. *Id.* The agreed filing further states:

> The parties have conferred in this case and have consulted with the Probation Department and agree that an appropriate resolution of this matter would be to **continue Mr. Alvarado on his term of supervised release and modify the conditions of supervised release to require Mr. Alvarado to successfully complete the Salvation Army's six-month drug treatment program**.

*Id.* at 2.

### III.   Findings of the Court

Based on the parties' agreement and the Agreed Motion, as well as Mr. Alvarado's plea of "True" to the violation of Special Conditions Nos. 1, 2, 3, and 4, Mandatory Condition No. 1, and Standard Condition No. 5, the Court finds that Mr. Alvarado violated these six conditions of his release as alleged by failing to attend substance abuse treatment; submitting three urine specimens positive for alcohol and marijuana (1) and cocaine and marijuana (2); failing to submit specimens

four times; committing the offense of Driving While Intoxicated; and failing to notify the Probation Department of a change in residence. The Court also finds that Mr. Alvarado waived his preliminary and final revocation hearings, the relief sought is favorable to him and does not extend the term of supervised release, and the Government does not object to the proposed resolution.

### IV.  Recommendations

Based on the agreement of the Government and the Defendant, the Court **RECOMMENDS** that the Agreed Motion (Dkt. 45) be **GRANTED**, Mr. Alvarado's term of supervised release be **CONTINUED**, and his conditions of supervised release be **MODIFIED** to add the following special condition of supervision:

> **The defendant shall participate in, and successfully complete, an inpatient substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.**

All other conditions of supervision shall remain in effect. The Court further **RECOMMENDS** that the District Court **ORDER** that Mr. Alvarado shall remain in the custody of the U.S. Marshal Service pending acceptance and transfer to the inpatient treatment program identified by the Probation Department.

### V.  Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on January 15, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE